UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUKE FONTANA,<br><br>         Plaintiff,<br><br>VERSUS<br><br>JOHN FORBES KERRY, et al.,<br><br>         Defendants | CIVIL ACTION<br><br>NO. 21-01145<br><br>SECTION M (10) |

**DEFENDANT BILL & MELINDA GATES FOUNDATION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Bill & Melinda Gates Foundation (the "Foundation") submits this memorandum in support of its motion to dismiss the Amended Complaint, as amended ("Complaint" or "Compl.") or, alternatively, to dismiss all claims against the Foundation pursuant to Federal Rule of Civil Procedure 12(b).

**INTRODUCTION**

In the Complaint (R. Doc. 2), Plaintiff Luke Fontana ("Fontana") alleges that the President of the United States, other federal public officials and agencies, one private citizen, multiple international actors, and the Foundation have conspired to create a new world order establishing an egalitarian utopia for all mankind. According to Fontana, certain of the defendants created the COVID-19 pandemic to accelerate an orchestrated global takeover. While Fontana's is not a serious lawsuit, it nonetheless imposes an unwelcome burden on the resources of this Court and the Defendants, who are compelled to respond to the Complaint no matter how fantastical its allegations may be.

Fontana's Complaint is procedurally and substantively infirm and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b). First, the Court lacks jurisdiction over the

{N4419637.5}

subject matter of the Complaint because Fontana lacks standing. Second, the Court lacks personal jurisdiction over the Foundation. Third, should the Court need to reach the merits, the Complaint should be dismissed because the Plaintiff has failed to allege a plausible claim for relief.

## THE ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Fontana alleges that President Biden has "conspired with others to undermine the democracy of America through 'The Great Reset.'" Compl. ¶ 18. Fontana claims that the "Great Reset Agenda . . . is the modern-day Communist takeover." *Id.*, ¶ 88. He assures that once "President Biden fully embraces the Great Reset's Fourth Revolution, the United States will be a satellite state of [the World Economic Forum's] Communist Agenda." *Id.*, ¶ 90. According to Fontana, the defendants "conspired to modify a pathogenic that is now known to the public as COVID-19 . . . [as] the catalyst needed for the United States to enter Klaus Schwab's World Economic Forum Communist Great Reset." *Id.*, p. 24 ¶ D. In his Prayer for Relief, Fontana seeks a series of declaratory judgments confirming his conspiracy theories. *Id.*, pp. 23-24. Fontana fails to establish his standing, however, or the Court's jurisdiction over the Foundation, and his few merits allegations about the Foundation do not support any claim against it.

## LAW AND ARGUMENT

**I.      Rule 12(b)(1):  Fontana lacks Article III standing.**

To have Article III standing, a plaintiff must show that he (1) "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual' or 'imminent,' not conjectural or hypothetical; (2) 'there must be a causal connection between the injury and the conduct complained of'; and (3) it must be 'likely' . . . that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted). As the party invoking federal jurisdiction, Fontana has the burden to establish

standing. *See In re Deepwater Horizon*, 857 F.3d 246, 253 (5th Cir. 2017) (plaintiff must establish standing as of time complaint was filed).

Fontana introduces himself as "an individual and attorney who has dedicated his life to defending the rights of all citizens, the constitution [*sic*], and the democracy of this nation that he holds dear to him." Compl. ¶ 9. Nowhere in the Complaint, however, does Fontana allege that he has suffered any concrete and particularized injury as a result of the defendants' actions. Instead, Fontana's 24-page pleading airs general grievances about such maladies as the "Global Reset," the rise of "stakeholder capitalism," and a purported global communist takeover occasioned by the defendants.

The Supreme Court has long foreclosed federal court subject matter jurisdiction for the airing of general grievances such as Fontana's. *Lujan*, 504 U.S. at 574; *see also Morgan v. Huntington Ingalls*, 879 F.3d 602, 607 (5th Cir. 2018) (rejecting "[a] generalized desire to litigate in federal court, without holding a corresponding right to be in federal court in the first place" as "insufficient to satisfy the injury-in-fact prong of Article III"). Because Fontana has no cognizable, particularized injury, he cannot establish the first element of Article III standing, and this Court should dismiss the Complaint pursuant to Rule 12(b)(1).

Although the Court need not reach the second and third elements (causation and redressability), Fontana makes no effort to show that he meets either of them.

**II.    Rule 12(b)(2):  This Court lacks personal jurisdiction over the Foundation.**

Fontana has failed to allege any facts sufficient to establish this Court's jurisdiction over the Foundation, which is also his burden to do. *See Herman v. Cataphora, Inc.*, 730 F.3d 460, 464 (5th Cir. 2013) (party invoking the court's jurisdiction "bears the burden of establishing that a defendant has the requisite minimum contacts with the forum state to justify the court's

jurisdiction"). Thus, the Court should find, pursuant to Federal Rule of Civil Procedure 12(b)(2), that it lacks personal jurisdiction over the Foundation.

"A court may exercise personal jurisdiction based on specific or general jurisdiction." *Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 318 (5th Cir. 2020). For a corporate entity such as the Foundation, "the paradigm forum" is where the entity "is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). The Supreme Court has regularly reinforced the "at home" standard for corporate personal jurisdiction, notably in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), where the Court concluded that the defendant company was not "at home" in California and could not be sued there for injuries the plaintiffs attributed to the foreign entity's conduct in Argentina. *Id.* at 122. The standard applies equally to foreign-country and sister-state entities. *See BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (Delaware-formed company with principal place of business in Texas was not "at home" and could not be sued in Montana).

The Foundation is a 501(c)(3) charitable organization formed in the State of Washington and maintains its principle place of business there.[1] Fontana fails to allege any connection between the Foundation and the forum state of Louisiana.[2] Nor is this an "exceptional case" whereby the Foundation's operations are "so substantial" in Louisiana "and of such a nature as to render the corporation at home" in this state. *See Daimler*, 571 U.S. at 139 n. 19. Because the Foundation is

---

[1] *See* **Exhibit A** (Declaration of Jessica R. Geller, Assistant General Counsel, Bill & Melinda Gates Foundation), ¶ 3. As the declarant Ms. Geller affirms, the Foundation is not registered to do business in Louisiana and maintains neither an office nor any employees here. *Id.*, ¶¶ 4-5. Nor does it lease or own property, advertise or solicit business, maintain bank accounts, or pay taxes in Louisiana. *Id.*, ¶ 6.

[2] Fontana omits the Foundation from the "Parties" section of his Complaint (and provides no information about the Foundation's domicile). *See* Compl. ¶¶ 9-17.

neither registered nor has its principal place of business in Louisiana, it is not subject to this Court's jurisdiction. *See Mondton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (noting that "[i]t is … incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business").

Likewise, specific jurisdiction does not exist. Fontana does not allege that the controversy before the Court arises from the Foundation's contacts with Louisiana. *See Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 343 (5th Cir. 2004) (for specific jurisdiction, defendant must have purposely "directed its activities toward the forum state" or "availed itself of the privileges of conducting activities there" and the controversy must have arisen out of or is related to those contacts). Thus, because this Court lacks personal jurisdiction over the Foundation, Fontana's claims against it must be dismissed pursuant to Rule 12(b)(2).

**III.     Rule 12(b)(6):  The Complaint does not allege a plausible claim for relief.**

Pursuant to Rule 12(b)(6), "only a complaint that states a plausible claim for relief" should survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Nor does "a bare assertion of conspiracy." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Fontana's Complaint is filled with labels and conclusory statements. It is nearly impossible to link the causes of action and the multiple odd requests for declaratory relief to the allegations in a manner sufficient to allow an inference that the Foundation should be held in judgment for any alleged misconduct. See *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

To the extent that sense can be made of the Complaint, Fontana's lone claim against the Foundation is facially defective. Fontana seeks a declaratory judgment that the Foundation conspired with others "to commit commercial criminal activity in violation of 15 U.S.C. § 1."

Compl. p. 24, ¶ D. This was the precise type of claim the Supreme Court dismissed pursuant to Rule 12(b)(6) in *Twombly*. There, the Court held that "a formulaic recitation of the elements of a cause of action will not do" and that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court further held that stating a Sherman Act § 1 conspiracy claim "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made" among the conspirators. *Id.* at 556. On the other hand, when a plaintiff makes allegations of "parallel conduct" in support of a § 1 claim, the allegations "must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id.* at 557.

Fontana's four allegations about the Foundation's conduct refer to independent (and innocuous) events and do not support any agreement among the alleged conspirators to restrain trade.[3] As a result, Fontana's § 1 claim—the only claim the Complaint asserts against the Foundation—should be dismissed.

Fontana's other claims—under the Communist Control Act, 50 U.S.C. § 841 (Compl. ¶¶ 87-98), and the Anti-Terrorism Act, 18 U.S.C. §§ 2331, 2339C (Compl. ¶¶ 49-51, 63, 74)—are not directed against the Foundation. *See* Compl. pp. 23-24. Even if they were, however, neither affords Fontana a private right of action.[4]

---

[3] The Complaint alleges that the Foundation: funded a "pandemic 'desk-top' exercise" in October 2019, Compl. ¶ 48; is a funder for the Institute for Health Metrics and Evaluation at the University of Washington, Compl. ¶ 51; hosted an advisory board on which co-defendant Fauci served from 2003-2010, Compl. p. 13; and issued a health alert in September 2019 warning of the prospect of a "rapidly spreading pandemic due to a lethal respiratory pathogen," Compl. ¶¶ 74-75.

[4] The Communist Control Act of 1950 consists of four sections, none of which provide a private right of action. *See* 50 U.S.C. §§ 841-844. The same is true of Fontana's Anti-Terrorism Act claim, which complains of "acts of domestic terrorism." Compl. p. 9. That Act defines "international terrorism" and "domestic terrorism" separately. 18 U.S.C. § 2331(1), (5). While

**CONCLUSION**

For the above reasons, Defendant Bill & Melinda Gates Foundation prays that this Court grant its motion and dismiss the Complaint, as amended, or alternatively dismiss the Foundation as a party to this action.

Respectfully submitted,

*/s/ Andrew R. Lee*
Andrew R. Lee, T.A. (#21196)
Samantha A. Oppenheim (#38364)
Jones Walker LLP
201 St. Charles Ave. Ste. 5100
New Orleans, LA 70170
(504) 582-8000
alee@joneswalker.com
soppenheim@joneswalker.com

***Attorneys for Bill & Melinda Gates Foundation***

---

civil actions for injuries caused "by reason of an act of international terrorism" are authorized, the Act contains no similar provision for acts of domestic terrorism. 18 U.S.C. § 2333(a). Because Fontana's claim is directed solely at purported domestic terrorism, the Anti-Terrorism Act affords him no civil remedy. *See Williams v. City of Monroe*, No. 15-0448, 2015 U.S. Dist. LEXIS 169303, at *10 (W.D. La. Nov. 3, 2015) (dismissing former employee's "domestic terrorism" complaint against municipality on ground that statute did not afford private right of action), adopted by 2015 U.S. Dist. LEXIS 169301 (W.D. La. Dec. 17, 2015).