UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUKE FONTANA | CIVIL ACTION |
| VERSUS | NO. 21-1145 |
| JOSEPH R. BIDEN, JR., *et al.* | SECTION M (2) |

## ORDER & REASONS

Before the Court is the motion of defendant Bill & Melinda Gates Foundation (the "Gates Foundation") to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.[1] The motion was set for submission on August 26, 2021. Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was August 18, 2021. Plaintiff Luke Fontana, who is a practicing attorney representing himself, has not filed an opposition. Accordingly, because the motion to dismiss is unopposed, and it appears to the Court that the motion has merit,[2]

---

[1] R. Doc. 22.

[2] This case arises from Fontana's attempt to "vindicate the democracy of the United States" by seeking declaratory relief to halt an alleged global conspiracy known as "The Great Reset." R. Doc. 1 at 2, 4. The Gates Foundation argues that Fontana has not demonstrated Article III standing. R. Doc. 22 at 2-3. Article III of the Constitution specifies that a federal court's "power extends only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 578 U.S. 856, 136 S. Ct. 1540, 1546 (2016). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy," which developed in the jurisprudence "to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Id.*. The standing "doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.*
   A plaintiff must establish standing as to each claim asserted. *Town of Chester v. Laroe Estates, Inc.*, __ U.S. __, 137 S. Ct. 1645, 1650 (2017). "[T]he 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The plaintiff must demonstrate that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61; *Friends of the Earth, Inc. v. Laidlaw Env't Servs.*, 528 U.S. 167, 180-81 (2000)).
   "In addition to the limitations on standing imposed by Art. III's case-or-controversy requirement, there are prudential considerations that limit the challenges courts are willing to hear." *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 955 (1984). Generally, the plaintiff "'must assert his own legal rights and interests, and

IT IS ORDERED that the motion of defendant Bill & Melinda Gates Foundation to dismiss (R. Doc. 22) is GRANTED.

New Orleans, Louisiana, this 20th day of August, 2021.

                                        BARRY W. ASHE
                                        UNITED STATES DISTRICT JUDGE

---

cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

    Fontana describes himself as "an individual and attorney who has dedicated his life to defending the rights of all citizens, the constitution, and the democracy of this nation that he holds dear to him." R. Doc. 1 at 3. He has not alleged his own particularized concrete injury, so he does not have standing to bring a claim against the Gates Foundation. Having concluded that Fontana does not have standing, the Court need not address whether the Gates Foundation's additional arguments for dismissal have merit.