UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUKE FONTANA | * CIVIL ACTION |
| | * NO. 21-1145 |
| Plaintiff, | * |
| | * SECTION M |
| VERSUS | * |
| | * JUDGE ASHE |
| PRESIDENT JOSEPH R. BIDEN, ET AL. | * MAGISTRATE JUDGE |
| | *   CURRAULT |
| Defendants, | * |

**DR. RALPH BARIC'S MEMORANDUM
IN SUPPORT OF RULE 12 MOTION TO DISMISS**

Defendant Dr. Ralph Baric ("Dr. Baric") respectfully submits this memorandum in support of his Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6). For the reasons stated below, Dr. Baric's Rule 12 motions should be granted and any claims against him dismissed.

**I.      INTRODUCTION**

Plaintiff Luke Fontana[1] commenced this action on June 14, 2021.[2] R. Doc. 2. Plaintiff's complaint is difficult to decipher. However, he seems to suggest that Dr. Anthony Fauci and Dr. Baric, among others, conspired to create COVID 19 and cause a global pandemic, which was then

---

[1] As a licensed attorney, Mr. Fontana is not entitled to the flexible treatment granted other pro se litigants. *Washington v. Scott*, 786 Fed. Appx. 483, 485 (5th Cir. 2019) (citing *Cole v. Comm'r*, 637 F.3d 767, 773 (7th Cir. 2011); *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010); *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008)).

[2] On August 24, 2021, Plaintiff filed a Motion for Leave to File Amended Complaint. R Doc. 24. Plaintiff seeks to add another plaintiff, Sharron Shaw, and includes a section titled "Personal Injury," R Doc. 24-3. Further, Plaintiff seeks, without basis or explanation, more than $3 million in compensatory damages and $133 billion in punitive damages. R Doc. 24-3, at p 24.

used by their fellow co-conspirators President Joe Biden and John Kerry as an excuse to undermine the democracy of the United States and the global economy through "The Great Reset." *See generally* R Doc. 2. Plaintiff explains that the "The Great Reset" is "an initiative of the World Economic Forum ('WEC') for resetting the global economy, the economic structure of countries, and the redistribution of wealth." R Doc. 2, ¶ 19.

As to Dr. Baric, Plaintiff alleges that Dr. Baric is at the University of North Carolina at Chapel Hill ("UNC") and the National Institute of Allergy and Infectious Diseases "became affiliated" with him in about July 2001. R Doc. 2, ¶ 39. Plaintiff's claims against Dr. Baric appear related to his allegations that Dr. Baric's work includes "synthetically alternating the *Coronaviridae* (the coronavirus family)" and that as early as May 1, 2000, Dr. Baric and UNC sought to patent "critical sections of the coronavirus family for their commercial benefit." R Doc. 2, ¶ 40. At best, Plaintiff alleges that Dr. Baric violated 18 U.S.C. § 2331, 18 U.S.C. § 2339 C and 15 U.S.C § 1. *See* R Doc. 2, Prayer for Relief.

However, for the reasons discussed more fully below, any claim against Dr. Baric should be dismissed.

## II.  ARGUMENT AND AUTHORITIES

### A.  The Court lacks subject matter jurisdiction over Plaintiff's claims.

Federal Rule of Civil Procedure 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction over a claim. A motion for lack of subject matter jurisdiction under Rule 12(b)(1) must be considered before any motion on the merits because subject matter jurisdiction is required to determine the validity of any claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). "The party asserting jurisdiction bears the burden of establishing that the district court

possesses jurisdiction." *McLean v. Obama*, No. CIV.A. 15-8, 2015 WL 3966426, at *1 (E.D. La. June 30, 2015) (citing *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001)).

### 1. Plaintiff lacks standing to bring these claims.

In dismissing Plaintiff's claims against the Bill & Melinda Gates Foundation (the "Gates Foundation"), the Court noted that, because Plaintiff "has not alleged his own particularized concrete injury," Plaintiff lacks standing under Article III to bring suit in this Court. R Doc. 23 at fn. 2.  For the exact same reason, the Court should dismiss Plaintiff's claims against Dr. Baric.

Standing is a component of subject matter jurisdiction, and it is properly raised by a motion to dismiss under Rule 12(b)(1). *See Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006).  This Court, citing *Spokeo, Inc. v. Robins*, 578  U.S. 856, 136 S.Ct. 1540, 1546  (2016) explained:

> Article III of the Constitution specifies that a federal court's power extends only to "Cases" and "Controversies." Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy, which developed in the jurisprudence to ensure that federal courts do not exceed their authority as it has been traditionally understood. The standing doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.

R Doc. 23 at fn. 2 (cleaned up).

The requirement of standing has three elements: (1) injury in fact, (2) causation, and (3) redressability.  *Bennett v. Spear*, 520 U.S. 154, 167 (1997). The injury-in-fact must be "concrete and particularized" and "actual or imminent," not conjectural or hypothetical," and "the injury must affect the plaintiff in a personal and individual way." *Lujan v Defenders of Wildlife*, 504 U.S. 555, 560, 560 n. 1 (1992). Causation requires that the injury "fairly can be traced to the challenged action of the defendant," rather than to "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). Redressability requires that it is likely, "as opposed to merely speculative, that the injury will be redressed by a favorable

decision." *Lujan*, 504 U.S. at 561 (internal quotation marks omitted). The party invoking federal subject matter jurisdiction bears the burden of establishing each element. *Ramming*, 281 F.3d at 161. Standing to seek declaratory judgment is subject to these same requirements. *BroadStar Wind Sys. Grp. Ltd. Liab. Co. v. Stephens*, 459 Fed. Appx. 351, 356 (5th Cir. 2012) (citing *Bennett v. Spear*, 520 U.S. 154, 162, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997)); *see also Town of Chester v. Laroe Estates, Inc.*, __ U.S. __, 137 S. Ct. 1645, 1650 (2017).

Plaintiff has failed to carry his burden on each of the elements. First, Plaintiff has not alleged any specific injury affecting him in a personal and individual way, much less one resulting from actions by Dr. Baric. In fact, Plaintiff plainly states in the first paragraph of his Complaint that he brings this action "to vindicate the democracy of the United States." R Doc. 2. This is insufficient to satisfy the elements of constitutional standing. *See* R Doc. 23, at fn 2. "An interest shared generally with the public at large in the proper application of the Constitution and laws will not [create standing]." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997); *see also Morgan v. Huntington Ingalls*, 879 F.3d 602, 607 (5th Cir. 2018) ("A generalized desire to litigate in federal court, without holding a corresponding right to be in federal court in the first place, is insufficient to satisfy the injury-in-fact prong of Article III.").

Second, Plaintiff's lack of an injury-in-fact is fatal to any argument that he could satisfy the second and third requirements – a causal connection and redressability. Indeed, without an injury, there is nothing to be redressed. Furthermore, Plaintiff's Complaint lacks any allegation that a favorable decision against Dr. Baric would redress an injury – much less one that he sustained.

In sum, Plaintiff fails to allege sufficient facts to establish he has standing to bring claims against Dr. Baric and therefore each of Plaintiff's claims against Dr. Baric must be dismissed.

### 2. Plaintiff's claims are completely devoid of merit and obviously frivolous.

Even if Plaintiff had standing, the United States Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and insubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *see also Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 222 (5th Cir. 2012) ("If the federal claims are obviously frivolous or so attenuated and unsubstantial as to be absolutely devoid of merit . . . a federal court lacks subject-matter jurisdiction over those claims and, consequently, any local law claims."); *Dilworth v. Dallas Cnt. Comm. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996) ("When a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court.").

Here, Plaintiff brings claims against various Defendants, including President Joseph R. Biden, Jr. and John Forbes Kerry, and appears to be making the following allegations: (1) for the last two decades, Dr. Baric and Dr. Anthony Fauci conspired to create COVID 19; (2) they were finally successful in 2019, which caused a global pandemic; (3) President Biden then used the global pandemic to begin the process of instituting the "Great Reset" to allow a Communist takeover of the American economic system, and thus the world economy. *See* R Doc. 2. Clearly, these claims are "facially frivolous" and fail to invoke the Court's jurisdiction, and should be dismissed. *See Dilworth*, 81 F.3d at 617; *see also McLean*, 2015 WL 3966426 (finding that the Court lacked jurisdiction over plaintiff's claim that defendants, including various former Presidents and former United States Attorneys General, "conspired together in racketeering activities" to cause harm to the plaintiff).

### 3. Plaintiff's claims against Dr. Baric in his official capacity are barred by sovereign immunity.

The Eleventh Amendment bars federal "suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015) (internal quotations and citation omitted); *Cozzo v. Tangipahoa Par. Council—President Gov't*, 279 F.3d 273, 280–81 (5th Cir. 2002) ("When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity.").

Here, Dr. Baric has been sued in his official capacity. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Turner v. Houma Mun. Fire and Police Civil Service Bd.*, 229 F.3d 478, 483 (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Graham*, 473 U.S. at 166. It is *not* a suit against the official personally, for the real party in interest is the entity. *Id.*, 473 U.S. at 166. "[T]he only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses." *See Hafer v. Melo,* 502 U.S. 21, 25 (1991).

Plaintiff has not plead and there is no evidence that Dr. Baric (or the State of North Carolina) waived sovereign immunity or that Congress abrogated Eleventh Amendment immunity. There is another exception to overcoming Eleventh Amendment immunity, which is the *Ex parte Young* exception; however, the exception requires that there be a request for prospective relief against state officials who are committing an ongoing federal violation. 209 U.S. 123 (1908); *Verizon Maryland Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (stating that the *Ex Parte Young* exception must be an ongoing violation of federal law and

the complaint must seek equitable relief properly characterized as prospective). Here, the *Ex parte Young* exception does not apply because Plaintiff is not requesting any prospective relief. Rather, Plaintiff only seeks a declaratory judgment that Dr. Baric violated 18 U.S.C. § 2331, 18 U.S.C § 2339C, and 15 U.S.C. § 1. Thus, Plaintiff's claims against Dr. Baric in his official capacity are barred by sovereign immunity and should be dismissed.

### B.     The Court lacks personal jurisdiction over Dr. Baric.

Plaintiff's Complaint also fails to allege sufficient facts showing that this Court has jurisdiction over Dr. Baric in either his official or personal capacities. "A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

In order for the exercise of jurisdiction under a state's long-arm statute to comport with the Due Process Clause, "a plaintiff must show that (1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of 'fair play and substantial justice.'" *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)) (also citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)).

Courts recognize two kinds of personal jurisdiction that comport with the Due Process Clause: general jurisdiction and specific jurisdiction. *See Ford Motor Company v. Montana Eighth Judicial District Court*, 141 S.Ct. 1017, 1024 (2021). "Where a defendant 'has continuous and systematic general business contacts' with the forum state, the court may exercise "general

jurisdiction" over any action brought against a defendant whose contacts with the forum state are so "systematic and continuous" that the defendant "essentially at home" in the forum state. *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014)) (internal quotations omitted).   If the defendant's contacts are less pervasive, the court may exercise "specific" jurisdiction only if the defendant "purposely availed" themselves of the forum "in a suit arising out of or related to the defendant's contacts with the forum." *See id.*; *Ford Motor Co.*, 141 S.Ct. at 1024.  The contacts "must be the defendant's own choice" and not "random, isolated, or fortuitous."  *Ford Motor Co.*, 141 S.Ct. at 1025 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)) (internal quotations omitted).    As the Fifth Circuit has held, "[f]oreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum." *McFadin v. Gerber*, 587 F.3d 753, 762 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999)).   Plaintiff has "the burden of establishing that a defendant has the requisite minimum contacts with the forum to state to justify the court's jurisdiction." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 464 (5th Cir. 2013).

Plaintiff fails to allege any actions taken by Dr. Baric that occurred in the State of Louisiana, or were in any way directed toward the State of Louisiana, that would subject him to personal jurisdiction pursuant to Louisiana's long-arm statute. *See La. Rev. Stat. § 13:3201* (2021). Further, even if Louisiana's long-arm statute somehow reached Dr. Baric's conduct, the act of exercising jurisdiction over him would violate his right to Due Process. In his Complaint, Plaintiff fails to allege any facts that would render Dr. Baric "at home" in Louisiana or identify any actions taken by Dr. Baric, either in his official or personal capacities, that occurred in the State of Louisiana and would warrant the court exercising specific personal jurisdiction over him. Indeed,

the only time Plaintiff mentions Dr. Baric in relation to a particular location is when Plaintiff describes Dr. Baric's research at the University of North Carolina, which (as is apparent from its eponymous name) is located in the State of North Carolina, not Louisiana. *See* R Doc. 2, ¶¶ 39, 54. As Plaintiff fails to allege any connection between Dr. Baric and the State of Louisiana, much less any conduct by which Dr. Baric purposely availed himself to the benefits and protections of Louisiana, this court lacks personal jurisdiction over him and any claims against him must be dismissed pursuant to Rule 12(b)(2).

    **C.    Plaintiff fails to state a claim upon which relief can be granted.**

        **1.    Applicable Legal Standard.**

Even if the Court were to find that it has jurisdiction over Plaintiff's claims against Dr. Baric, Plaintiff has failed to state a claim upon which relief can be granted. Rule 8 of the Federal Rules of Civil Procedure addresses the general rule of pleadings and provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.

Complaints are deficient and may be dismissed if a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has prescribed a two-step process for evaluating the sufficiency of a complaint: (1) identify and disregard all legal conclusions in the complaint; and (2) determine whether the remaining factual allegations plausibly suggest the defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *accord*

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 n.5 (2007). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.*

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up).

Here, for the reasons discussed below, Plaintiff's claims against Dr. Baric should be dismissed. First, Plaintiff fails to allege a legal cognizable claim against Dr. Baric in either his individual or his official capacity. Second, even if Plaintiff had sufficiently alleged claims against Dr. Baric, the statutes under which he seeks redress do not apply.

### 1. Plaintiff fails to allege a legally cognizable claim.

As discussed above, Plaintiff's Complaint is precisely the kind of deficient and meritless lawsuit that should be dismissed at the initial pleading stage. Plaintiff's Complaint is devoid of any cognizable claim against Dr. Baric. Accordingly, each of his claims against Dr. Baric should be dismissed with prejudice.

### 2. Any claim under 18 U.S.C. § 2331 and 18 U.S.C. § 2339 fails as a matter of law.

In the Prayer for Relief, Plaintiff purports to allege claims against Dr. Baric under various federal laws, including 18 U.S.C. § 2331[3] and 8 U.S.C. § 2339C. As a preliminary matter, 18

---

[3] Although Plaintiff states in his Prayer for Relief he is asserting a claim against Dr. Baric under 18 U.S.C. § 2331, Plaintiff does not reference or otherwise refer to Dr. Baric in the section of his Complaint which he titled 18 U.S.C. § 2331. *See* R Doc. 2, ¶¶ 49-52.

U.S.C. 2331 is a Definitions section in which Congress defines certain terms used within Chapter 113B. Further, there is no section 2339 C in Title 8 of the United States Code, which applies to Aliens and Nationality. To the extent that Plaintiff intended to reference 18 U.S.C § 2339 C, he has failed to allege a coherent sequence of facts tending to show that he would be entitled to seek civil remedies under 18 U.S.C. § 2333.

> Subsection (a) of 18 U.S.C. § 2333, entitled "Action and Jurisdiction" provides:
>
>> Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees.

18 U.S.C. § 2333. Pursuant to this statute and consistent with the constitutional standing requirements discussed above, redress is only available to individuals injured in his or her person, property or business. Plaintiff's Complaint fails to include any allegation that he has suffered an injury to his "person, property or business." Additionally, these claims fail as the act only applies to acts of international terrorism, and Plaintiff's claims are only referencing acts of domestic terrorism. R Doc. 2, ¶¶ 49-52 (the title of this section is 18 U.S.C. § 2331, US Patriot Act Section 802, **Act of Domestic Terrorism Resulting in the Death of American Citizens (emphasis added)).** The act separately defines acts of international and domestic terrorism, 18 U.S.C. § 2331(1), (5), and only provides a cause of action for acts of international terrorism. 18 U.S.C. § 2333(a); *see Williams v. City of Monroe*, No. 15-0448, 2015 U.S. Dist. LEXIS 169303, at *10 (W.D. La. Nov. 3, 2015). For all of these reasons, Plaintiff has failed to state a cause of action, and the claims should be dismissed.

### 3. Plaintiff's antitrust claim fails.

Plaintiff also cites to 15 U.S.C. § 1, the Sherman Antitrust Act of 1890. However, Plaintiff cannot seek a declaratory judgment under 15 U.S.C. § 4. 15 U.S.C. § 4 ("[I]t shall be the duty of the several United States attorneys . . . to institute proceedings in equity to prevent and restrain such violations.").

Furthermore, to establish a violation of § 1 of the Sherman Act, Plaintiff must demonstrate that: (1) Dr. Baric and others engaged in a conspiracy, (2) the conspiracy had the effect of restraining trade, and (3) trade was restrained in the relevant market. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 373 (5th Cir. 2014). However, the underlying basis of plaintiff's antitrust claim is that President Biden conspired with the other named defendants, including Dr. Baric, "to undermine the democracy of America through 'The Great Reset.'" R Doc. 2, ¶ 18. Plaintiff does not allege that the alleged conspiracy had the effect of restraining trade or that trade as in fact restrained. *See* R Doc. 2, ¶¶ 53-62.

Plaintiff's antitrust claim against Dr. Baric also fails because it is brought outside the statute of limitations. For private individuals, "[a]ny action to enforce any cause of action … shall be forever barred unless commenced within four years after the cause of action accrued." 15 U.S.C. § 15b. The cause of action accrues when an individual suffers an injury due to a violation of this statute, *see* 15 U.S.C. § 15.  As previously discussed, Plaintiff has not suffered an actual injury from these alleged violations. Nonetheless, the only allegations against Dr. Baric regarding a purported violation of this statute occurred between 2000-2002, R Doc. 2, ¶¶ 54-57, which is well outside the four-year window allowed by this statute. As such, this claim should be dismissed.

## III. CONCLUSION

In sum, for the reasons discussed more fully above, each of the claims against Dr. Baric should be dismissed.

Dated: September 7, 2021

                                       Respectfully submitted,

                                       */s/ Michael Q. Walshe, Jr.*
                                       Michael Q. Walshe, Jr., La. Bar No. 23968
                                       Walter F. Metzinger III, La. Bar No. 37799
                                       Stone Pigman Walther Wittmann L.L.C.
                                       909 Poydras Street, Suite 3150
                                       New Orleans, Louisiana 70112
                                       Telephone: (504) 581-3200
                                       Facsimile: (504) 581-3361

                                       *Attorneys for Dr. Ralph Baric*