UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| LUKE FONTANA | * * * * | CIVIL ACTION |
|  |  | NO. 21-1145 |
| Plaintiff, | * * | |
| VERSUS | * | SECTION M |
|  | * * | JUDGE ASHE |
| PRESIDENT JOSEPH R. BIDEN, ET AL. | * * | MAGISTRATE JUDGE CURRAULT |
| Defendants, | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DR. RALPH BARIC'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendant Dr. Ralph Baric ("Dr. Baric") respectfully submits this memorandum in opposition to Plaintiff's Motion for Leave to File Amended Complaint, R Doc. 27. Because the amendment would be futile, Plaintiff's motion should be denied.

**I.   INTRODUCTION**

Plaintiff Luke Fontana[1] commenced this action on June 13, 2021, and immediately thereafter filed a First Amended Complaint. R. Doc. 2. Plaintiff's First Amended Complaint as well as his proposed amended pleadings are difficult to decipher. He seems to suggest that Dr. Anthony Fauci and Dr. Baric, among others, conspired to create COVID-19 and cause a global pandemic, which was then used by their fellow co-conspirators President Joe Biden and John Kerry

---

[1]   As a licensed attorney, Mr. Fontana is not entitled to the flexible treatment granted other *pro se* litigants. *Washington v. Scott*, 786 Fed. Appx. 483, 485 (5th Cir. 2019) (citing *Cole v. Comm'r*, 637 F.3d 767, 773 (7th Cir. 2011); *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010); *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008)).

as an excuse to undermine the democracy of the United States and the global economy through "The Great Reset." *See generally* R Doc. 2. Plaintiff explains that the "The Great Reset" is "an initiative of the World Economic Forum ('WEC') for resetting the global economy, the economic structure of countries, and the redistribution of wealth." R Doc. 2, ¶ 19.

As to Dr. Baric, Plaintiff alleges that Dr. Baric is at the University of North Carolina at Chapel Hill ("UNC") and the National Institute of Allergy and Infectious Diseases "became affiliated" with him in about July 2001. R Doc. 2, ¶ 39. Plaintiff's claims against Dr. Baric appear related to his allegations that Dr. Baric's work includes "synthetically altering the *Coronaviridae* (the coronavirus family)" and that as early as May 1, 2000, Dr. Baric and UNC sought to patent "critical sections of the coronavirus family for their commercial benefit." R Doc. 2, ¶ 40. At best, Plaintiff alleges that Dr. Baric violated 18 U.S.C. § 2331, 18 U.S.C. § 2339 C and 15 U.S.C § 1. *See* R Doc. 2, Prayer for Relief.

On September 7, 2021, Dr. Baric moved to dismiss the claims against him. R Doc. 25. The following day, Plaintiff filed a Motion for Leave to File Amended Complaint.[2] R Doc. 27. For the reasons discussed below, Plaintiff's requested amendment would be futile. Therefore, the Court should deny the Motion.

## II.   ARGUMENT AND AUTHORITIES

Leave to amend is in no way automatic. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). It is within the sound discretion of the district court to deny a motion to amend when amendment would be futile. *See Legate v. Livingston*, 822 F.3d

---

[2]   On August 24, 2021, Plaintiff filed a Motion for Leave to File Amended Complaint. R Doc. 24. The Court issued a deficiency notice related to the Motion because Plaintiff had not indicated whether the Defendants consented to the filing of the Amended Complaint. Plaintiff never cleared the deficiency. Instead, Plaintiff filed a second Motion for Leave to File Amended Complaint on September 8, 2021.

207, 211 (5th Cir. 2016).  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.  *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000).

Fontana's proposed amendment does not address the First Amended Complaint's terminal defects.  Here, compared to the First Amended Complaint, R Doc. 2, Plaintiff seeks leave to:

- Add two Plaintiffs – Sharron Shaw and Laura Traywick;
- Include additional allegations under the heading "Personal Injury"; and
- Demand $6.6 million dollars in compensatory damages and $133 billion dollars in punitive damages from Drs. Anthony Fauci and Baric.

*See* R Doc. 27-3, pp. 1, 9-12, 27.

This amendment would be futile.  Presumably, Plaintiff is attempting to remedy his lack of Article III standing.[3]  However, these allegations do not resolve Fontana's lack of Article III standing. Further, they do not establish that Shaw and Traywick have standing to pursue claims against Dr. Baric.  Even if these additional allegations somehow resolved the standing issues – they do not – they still fail to address the other pleading deficiencies Dr. Baric raised in his Motion to Dismiss.  R Doc. 25.

First, Fontana does not seek to add any allegation regarding a particularized concrete injury that affected him in a personal and individual way.  This means he still cannot satisfy any of the three elements of constitutional standing.  *See* R Doc. 25-1, 3-4.

Second, the additional allegations do not establish that Shaw and Traywick would have standing to pursue claims against Dr. Baric.  While Shaw and Traywick allege that they contracted COVID-19 and suffered physical injuries from the disease, injury-in-fact only is one of the

---

[3] Dr. Baric raised lack of Article III standing in his Motion to Dismiss. R Doc. 25, pp 3-4. The Bill and Melinda Gates Foundation also raised this argument in its Motion to Dismiss, R Doc. 22, which was granted by the Honorable Barry W. Ashe. R Doc. 23. In Judge Ashe's Order, he found that Fontana did not have standing to pursue the claims he asserted against the Foundation.

requirements of Article III standing. Shaw and Traywick still must establish the remaining two elements – causation and redressability. Missing here is causation. A causal connection requires that the injury "fairly can be traced to the challenged action of the defendant," rather than to "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The causation element of standing asks whether the line of causation between a plaintiff's injury and the defendants' alleged wrongdoing is "too attenuated." *Hanson v. Veterans Admin.*, 800 F.2d 1381, 1385 (5th Cir. 1986) (citation omitted).

Here, the proposed amended Complaint alleges that as early as May 1, 2000, Dr. Baric did work with *Coronaviridae* (the coronavirus family) and patented "sections of the Coronavirus family for commercial benefit." R Doc. 27-3, ¶ 43. It also alleges Shaw and Traywick contracted COVID-19 at various points in 2020 and 2021. R Doc. 27-3, ¶¶ 55, 70. Critically missing are factual allegations linking Dr. Baric's work to Shaw and Traywick's contraction of COVID-19 over the approximately 20-year period. *See* R Doc. 27-3. Further, even had Plaintiff proposed allegations to fill in this 20-year period, Dr. Baric's alleged conduct would only be but one step in a very long chain of independent actions that allegedly caused Shaw and Traywick's illnesses. This would be too attenuated a causal link. Thus, since the proposed amended Complaint does not (and could not) include any factual allegations that could establish a causal connection between the claims asserted against Dr. Baric and the injuries allegedly sustained by Plaintiffs Shaw and Traywick, Shaw and Traywick lack Article III standing to the pursue claims against Dr. Baric. *See Peters v. St. Joseph Servs. Corp.*, 74 F.Supp.3d 847, 857 (S.D. Tex. 2015) (dismissing claim for lack of standing when "the allegation is conclusory and fails to account for the sufficient break in

causation caused by ... third parties."); *see also Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d 649 (5th Cir. 2019).

Finally, the new allegations Plaintiff proposes to add do not remedy any of the other arguments requiring dismissal of this matter. *See* R Doc. 25-1. As discussed in Dr. Baric's Motion to Dismiss and supporting memorandum and incorporated here by reference:

- This Court lacks subject matter jurisdiction over Plaintiffs' claims because they are devoid of merit, R Doc. 25-1, p 5;
- Plaintiff's claims against Dr. Baric in his official capacity are barred by sovereign immunity, *id*. at pp 6-7;
- The Court lacks personal jurisdiction over Dr. Baric, *id.* at pp 7-9; and
- Plaintiffs fail to allege a legally cognizable claim against Dr. Baric, *id.* at 9-12.

In sum, Plaintiff's proposed amendment does not resolve the myriad of issues identified in Dr. Baric's Motion to Dismiss and supporting memorandum. Accordingly, the amendment would be futile and the Motion to Amend should be denied.

## III.   CONCLUSION

For the reasons discussed more fully above, as well as the argument in Dr. Baric's Memorandum in Support of Rule 12 Motion to Dismiss (R Doc. 25), Dr. Baric respectfully requests that the Court deny Plaintiff's Motion to Amend and grant any other further relief that the Court deems just and proper.

Dated: September 28, 2021

Respectfully submitted,

*/s/ Michael Q. Walshe, Jr.*
Michael Q. Walshe, Jr., La. Bar No. 23968
Walter F. Metzinger III, La. Bar No. 37799
Stone Pigman Walther Wittmann L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361
Email: mwalshe@stonepigman.com

*Attorneys for Dr. Ralph Baric*

1306158v.2