UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| LUKE FONTANA | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 21-1145 |
| PRESIDENT JOSEPH R. BIDEN, ET AL. | * | SECTION "M" (2) |

## ORDER AND REASONS

Plaintiff Luke Fontana filed two Motions for Leave to File Amended Complaint (ECF Nos. 27, 29), both of which are pending before me in this matter. Defendant Dr. Ralph Baric filed a timely Opposition Memorandum. ECF No. 35. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, IT IS ORDERED that Plaintiff's motions are DENIED for the reasons stated herein.

**I.   BACKGROUND**

Plaintiff Luke Fontana filed suit against Joseph R. Biden, Jr., in his official capacity as President of the United States, John Forbes Kerry, individually and in his official capacity as US Special Presidential Envoy for Climate, Anthony Fauci, World Health Organization, Center for Disease Control & Prevention, Ralph Baric, in his official and personal capacity, U.S. Department of Health & Human Services, and the Bill and Melinda Gates Foundation on June 13, 2021. Almost immediately after that filing, Plaintiff filed an Amended Complaint that same day. ECF Nos. 1, 2. Plaintiff contends that, among other things, Defendants conspired to create COVID-19 to cause a global pandemic in an effort to undermine the global economy and government of the

1

United States as part of "The Great Reset," which is allegedly a World Economic Forum initiative to restructure countries and redistribute wealth. ECF No. 2, at 19.

Defendant Bill and Melinda Gates Foundation filed a Motion to Dismiss, which the Honorable Barry Ashe granted. ECF Nos. 22, 23. Plaintiff has now filed two Motions for Leave to file an Amended Complaint. A comparison of the two proposed amended complaints (ECF Nos. 27-3 and 29-3) show only minor differences in one paragraph (i.e., ¶ 69), suggesting that Plaintiff's second motion for leave actually seeks to replace the earlier filed motion to have ECF No. 29 become the operative complaint.

Plaintiff's motions purportedly seek "to remove injunctive relief and references thereof and references to John Bel Edwards who has been dismissed without prejudice (Doc. 33)". ECF Nos. 27-1, at 1; 29-1, at 1. The cited Record Document 33, however, is a court order granting a motion to continue the submission date for Dr. Baric's motion to dismiss (ECF No. 25), not an order dismissing any claims against Governor Edwards. Indeed, Governor Edwards is not a party to this proceeding. *See* ECF Nos. 1, 2. Further, contrary to the statement contained in the motion, the proposed Second Amended Complaint itself expressly states that it seeks to add Plaintiff Sharron Shaw and remove all references to the Bill and Melinda Gates Foundation in light of the court's dismissal of all claims against that entity. *Compare* ECF No. 29, at 1 *with* ECF No. 29-3, at 1. The proposed Second Amended Complaint removes most of the references to the Bill and Melinda Gates Foundation (e.g., those contained in prior ¶¶ 48, 51, 74 and the timeline on page 13), but it does not remove the request for declaratory relief against that entity in the prayer (formerly ¶ D of ECF No. 2 and now ¶ F of ECF No. 29-3). Further, a comparison of the governing complaint to the proposed Second Amended Complaint reflects that Plaintiff seeks to join not one but two new Plaintiffs, Sharron Shaw and Laura Traywick. ECF No. 29-3, at 1, 3, 10–12. Plaintiff also adds

demands for $6.6 million in compensatory damages and $133 billion dollars in punitive damages. *Id*. ¶¶ A and B of the Prayer, at 27.

Defendant Dr. Ralph Baric opposes the motion and argues that Plaintiff's amendment, filed the day after Dr. Baric filed his motion to dismiss, should be denied as futile. ECF No. 35, at 2. He contends that the proposed Second Amended Complaint does not cure any of the defects outlined in his Motion to Dismiss nor does it establish that the two new Plaintiffs would have standing. *Id.* at 3–4. The proposed Second Amended Complaint also fails to address lack of subject matter and personal jurisdiction, sovereign immunity, and failure to state a claim. *Id*. at 5.

## II.     LAW AND ANALYSIS

As Plaintiff seeks leave to amend his complaint to join two additional plaintiffs, Rules 15 and 20 of the Federal Rules of Civil Procedure are implicated.

### A.  Joinder of Additional Plaintiffs Under Rule 20(a)(1)

Under Rule 20(a)(1), "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Both tests for permissive joinder must be satisfied in order for joinder of an additional plaintiff to be authorized.[1]

Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" and when (2) there is at least one common question of law or fact linking all claims.[2] When both prongs of the test are met, "permissive joinder of plaintiffs . . . is at the option of the

---

[1] *See El Aguila Food Prods., Inc. v. Gruma Corp.*, 167 F. Supp. 2d 955, 958 (S.D. Tex. 2001) (citations omitted).
[2] *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citations omitted).

3

plaintiffs."[3]  Even when the two-prong test is satisfied, however, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.[4]  When joinder would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims, the court has considerable discretion to deny joinder.[5]

### B. Amendment Under Rule 15(a)(2)

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, after exhausting a party's right to amend once as a matter of course, a party may amend its pleading only with the opposing party's written consent or leave of court, which leave should be freely granted when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Leave to amend, however, is not automatic, and the decision whether to grant or deny leave is within the sound discretion of the district court.[6]

Plaintiff has already exercised his opportunity to amend as of right under Rule 15(a)(1). Thus, this request to amend is governed by Rule 15(a)(2).  Denial of leave to amend is reviewed for abuse of discretion, and the court must possess a substantial reason to deny a request, such as (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[7]  Absent a "substantial reason," the court's discretion "'is not broad enough to permit denial.'"[8]

---

[3] *Id.* (citing *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 724  (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.")).
[4] *Id.* (citations omitted).
[5] *Id.* at 522 (citing *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 581 (E.D.N.Y. 1999)).
[6] *Bloom v. Bexar Cty.*, 130 F.3d 722, 727 (5th Cir. 1997) (citations omitted); *Halbert v. Sherman*, 33 F.3d 526, 529 (5th Cir. 1994).
[7] *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citations omitted); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).
[8] *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citations omitted).

Plaintiff does not address any of the five factors, and Defendant Baric's opposition addresses only the last factor–futility. Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (i.e., whether it states a plausible claim for relief).[9] In his Motion to Dismiss and Opposition to Motion to Amend, Dr. Baric asserts that Plaintiff(s) have not established standing, the claims are frivolous, the claims against him in his official capacity are barred by sovereign immunity, the court lacks personal jurisdiction over him in either his official or personal capacity, and Plaintiff(s) fail to state a claim. ECF No. 25-1, at 3–12; No. 35, at 3–5.

C. **Rule 12 Dismissal Standard**

The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[10] It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[11] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[12]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

---

[9] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (citing *Stripling v. Jordan*, 234 F.3d 863, 873 (5th Cir. 2000)).
[10] *Twombly*, 550 U.S. at 555.
[11] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.
[12] *Iqbal,* 556 U.S. at 678 (citation omitted).

5

complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[13]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[14]

When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto.[15] Thus, the Court may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[16] When an allegation is contradicted by the contents of an attached exhibit, the exhibit (not the allegation) controls.[17]

**1. Sovereign Immunity**

Plaintiff's proposed Second Amended Complaint names Dr. Baric in his individual and personal capacities and alleges he was part of the University of North Carolina at Chapel Hill's Public Health & Preventative Medicine program. ECF No. 29-3 ¶42, at 7. It further alleges that the National Institute of Allergy & Infectious Diseases became affiliated with him in 2001 and that the U.S. Health & Human Services was involved in funding his research. *Id.*; *see also* ¶¶ 46 & 49,

---

[13] *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).
[14] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).
[15] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).
[16] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation omitted) (stating court may consider Complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice in ruling on 12(b)(6) motion).
[17] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citation omitted).

at 8–9. While Plaintiff's proposed Second Amended Complaint indicates it names Dr. Baric in both a personal and official capacity, it does not clarify whether it intends to sue him in his official capacity based on his affiliation with the University of North Carolina or the federal government.

To the extent Plaintiff names Dr. Baric as an official of the state, the Eleventh amendment, or more accurately, state sovereign immunity,[18] divests federal courts of jurisdiction over states and their agencies and instrumentalities,[19] unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity.[20] The immunity afforded by the Eleventh Amendment extends to any state agency or entity deemed an alter ego or arm of the state.[21] State universities are considered arms of the state.[22] A suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office; therefore, it is no different from a suit against the state itself.[23] Eleventh Amendment immunity thus serves to

---

[18] The Fifth Circuit has described term "Eleventh Amendment immunity" as a misnomer because it "is really an aspect of the Supreme Court's concept of state sovereign immunity and is neither derived from nor limited by the Eleventh Amendment. Nevertheless, the term 'Eleventh Amendment immunity' has been used loosely and interchangeably with 'state sovereign immunity' to refer to a state's immunity from suit without its consent in federal courts." *Canada Hockey, L.L.C. v. Texas A&M Univ. Athletic Dep't*, No. 20-20503, 2021 WL 4096928, at *3 (5th Cir. Sept. 8, 2021) (citing U.S. CONST. amend. XI; *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002)).

[19] *See Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 735 (5th Cir. 2020) ("The Eleventh Amendment, which protects the states' sovereign immunity, 'deprives a federal court of jurisdiction to hear a suit against a state.'") (quoting *Warnock v. Pecos Cty.*, 88 F.3d 341, 343 (5th Cir. 1996)).

[20] *Canada Hockey, L.L.C.*, 2021 WL 4096928, at *3 (U.S. Const. amend. XI; *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Although read literally, the Eleventh Amendment prevents only non-citizens of a state from suing that state, courts recognize that the Amendment provides protections beyond its text and shields states from suits brought by their own citizens as well as citizens of other states. *Williams ex rel. J.E.*, 954 F.3d at 735 (citing U.S. Const. amend. XI; *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011)).

[21] *Canada Hockey, L.L.C.*, 2021 WL 4096928, at *3. A court analyzes whether an entity qualifies as an arm of the state as a matter of law under the six factors announced in *Clark v. Tarrant County*, 798 F.2d 736, 744–45 (5th Cir. 1986): (1) whether the state statutes and caselaw view the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property. *See also Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318–19 (5th Cir. 2001) ("When confronted with a governmental entity asserting Eleventh Amendment immunity as an arm of the state, we apply the test established in *Clark* . . . .") (holding that the district court "erred in failing to properly analyze, under *Clark*, [the entity's] amenability to suit").

[22] *Canada Hockey, L.L.C.*, 2021 WL 4096928, at *6 (holding the Athletic Department as a part of Texas A&M is an arm of the state, and thus enjoys sovereign immunity).

[23] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted).

preclude suits against state actors sued in their official capacities, except when the suit seeks only prospective injunctive relief.

Sovereign immunity is not limitless, however, and is subject to one important caveat—the *Ex Parte Young* exception.[24] Under *Ex Parte Young*, a litigant may sue a state official in his official capacity if the suit seeks prospective injunctive relief to redress an ongoing violation of federal law.[25] To fall within *Ex Parte Young*, the suit must (1) be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; (3) allege a violation of federal, not state, law; and (4) seek only prospective, equitable (i.e., declaratory or injunctive) relief, not monetary damages.[26]

To the extent Plaintiff names Dr. Baric as a federal official, a plaintiff may not bring an action against the United States or its agencies as they possess sovereign immunity from suit unless it falls within the exception established by the Supreme Court in *Bivens*.[27] Under *Bivens*, a plaintiff may only bring an action against a federal officer in his individual capacity for violations of a plaintiff's rights under the Fourth Amendment's protection against unreasonable search and seizures, the Fifth Amendment's due process clause and the Eighth Amendment's prohibition of cruel and unusual punishment.[28] Suits against government officers in their official capacities are considered suits against the government itself because official–capacity suits "represent only

---

[24] 209 U.S. 123, 167–68 (1908).
[25] *Id.*; *Air Evac EMS v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 519 (5th Cir. 2017).
[26] *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (citations omitted); *Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring in part and concurring in judgment); *Ex Parte Young.*, 209 U.S. at 278 (backwards-looking, past-tense declaratory relief is "tantamount to an award of damages for a past violation of law, even though styled as something else."); *Clay v. Texas Women's Univ.*, 728 F.2d 714, 715 (5th Cir. 1984) (holding the Eleventh Amendment interposes a jurisdictional bar to suits against a state by private parties who seek monetary relief).
[27] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971).
[28] *See Zuspann v. Brown*, 60 F.3d 1156, 1160–61 (5th Cir. 1995) (citing *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994)); *see also Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) (declining to extend Bivens to permit suit against federal agencies).

another way of pleading an action against an entity of which an officer is an agent."[29] Plaintiff's proposed Second Amended Complaint does not appear to allege a constitutional deprivation subject to a *Bivens* claim.

The federal government's sovereign immunity is subject to a limited waiver for certain tort claims, as specified by the Federal Tort Claims Act ("FTCA"). Although the FTCA authorizes a plaintiff to proceed with a civil action for loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his employment, the claim is exclusively against the United States, not agencies or employees of the United States.[30] Moreover, the FTCA excepts from the sovereign immunity waiver any intentional tort claims.[31]

Whether sued in his official capacity as a state or federal agent, Dr. Baric would be immune from suit. Further, given that Plaintiff's claims in the proposed Second Amended Complaint seek monetary damages, not prospective injunction relief only, the *Ex Parte Young* exception would not apply. As Plaintiff's proposed Second Amended Complaint appears to assert claims against an immune defendant, amendment would be futile.[32]

### 2. Lack of Personal Jurisdiction

Plaintiff's proposed Second Amended Complaint alleges that "Defendants are United States agencies or officers sued in their official capacities. Defendant is a resident of this judicial district and a substantial part of the events or omissions giving rise to the Complaint occur within the Eastern District of Louisiana." ECF No. 29-3, ¶7, at 3. Plaintiff does not, however, specify

---

[29] *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dep't of Social Servs*., 436 U.S. 658, 690 n.55 (1978)).
[30] 28 U.S.C.§ § 1346(b), 2671, 2679(a), 2679(b)(1); *Walters v. Smith*, 409 Fed. Appx 782, 783 (5th Cir. 2011) (citations omitted).
[31] 28 U.S.C. § 2680(h); *Millbrook v. United States*, 569 U.S. 50, 52 (2013).
[32] *See, e.g., Wiggins v. Louisiana State Univ.–Health Care Servs. Div*., 710 F. App'x 625, 628 (5th Cir. 2017) (recognizing that amendment is futile when it seeks to add a defendant who is an arm of the state immune from suit).

which "Defendant" he contends resides in this district nor does he set forth any basis for a finding that Dr. Baric (or any other defendant) is subject to personal jurisdiction in Louisiana, which issue has been raised via motion to dismiss.[33] Indeed, throughout the allegations of Plaintiff's proposed Second Amended Complaint, he indicates that Dr. Baric's conduct occurred in North Carolina. *See generally* ECF No. 29-3.

The Fifth Circuit has repeatedly explained that specific personal jurisdiction[34] is a claim-specific[35] and party-specific inquiry,[36] which requires each plaintiff asserting claims against multiple parties to establish specific jurisdiction ***as to each claim and as to each party***. This includes establishing the plaintiff's own contact with the forum state.[37] The proposed Second Amended Complaint utterly fails to include any necessary allegations even suggesting a basis for the existence of personal jurisdiction. Indeed, proposed plaintiff Shaw appears to have sustained her injuries in Nevada and later traveled to Alabama (ECF No. 29-3 ¶¶ 55-68, at 10-11) while proposed plaintiff Traywick fails to mention any location at all, much less a connection with the state of Louisiana. *See id.* 11-12. The proposed Amended Complaint fails to even allege that any

---

[33] *See, e.g.*, ECF No. 25-1, at 7-9.
[34] Specific jurisdiction refers to the situation when the suit "aris[es] out of or relate[s] to the defendant's contacts with the forum*." Daimler AG v. Bauman*, 571 U.S. 117 (2014) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984)); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011) ("Adjudicatory authority is 'specific' when the suit 'aris[es] out of or relate[s] to the defendant's contacts with the forum.").
[35] *Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 274 (5th Cir. 2006) (specific jurisdiction is a claim-specific inquiry that requires a plaintiff bringing multiple claims that arise out of different forum contacts to establish specific jurisdiction for each claim); *see also McFadin v. Gerber*, 587 F.3d 753 (2009) (same); *Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 320 (5th Cir. 2020).
[36] *Willow Bend, L.L.C. v. Downtown ABQ Partners, L.L.C.*, 612 F.3d 390, 392 (5th Cir. 2010) ("Each defendant's contacts with the forum State must be assessed individually.") (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984)).
[37] *Bristol-Myers Squibb v. Superior Court*, 137 S. Ct. 1773, 1782 (2017) (holding that non-resident plaintiff without any contacts with a state cannot rely on another plaintiff's contacts with that state to support specific jurisdiction over a claim in a forum with which the non-resident plaintiff has no contact).

proposed plaintiff sustained injuries in Louisiana, which of course would alone still be insufficient in the absence of defendant's conduct directed to that state.[38]

### III. CONCLUSION

Plaintiff need not file an amended complaint to give effect to the Court's dismissal of his claims against the Bill and Melinda Gates Foundation. The court's Order is self-operative. Further, given the immunity and absence of any basis to support the assertion of personal jurisdiction, it is not necessary to address the other defects identified by Dr. Baric in his opposition. The defects discussed herein demonstrate that granting leave to file the proposed Second Amended Complaint is improper as the purported claims would be futile. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motions to Amend (ECF Nos. 27 & 29) are DENIED.

New Orleans, Louisiana, this 15th day of October, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[38] *See, e.g., Walden v. Fiore*, 134 S. Ct. 1115 (2014) (holding that "minimum contacts" looks to defendant's contacts with the forum State, not the defendant's contacts with persons who reside there so the plaintiff cannot be the only link between defendant and the forum).