UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUKE FONTANA | CIVIL ACTION |
| VERSUS | NO. 21-1145 |
| JOSEPH R. BIDEN, JR., *et al.* | SECTION M (2) |

## ORDER & REASONS

Before the Court is the motion of defendant Dr. Ralph Baric to dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.[1] The motion was originally set for submission on September 23, 2021;[2] however, in light of plaintiff Luke Fontana's motion for continuance to oppose defendant Dr. Ralph Baric's Rule 12 motion to dismiss,[3] the Court ordered that the motion be rescheduled for submission on October 21, 2021.[4] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was October 13, 2021. Plaintiff Luke Fontana, who is a practicing attorney representing himself, has not filed an opposition. Accordingly, because the motion to dismiss is unopposed, and it appears to the Court that the motion has merit,[5]

---

[1] R. Doc. 25.
[2] R. Doc. 25-2.
[3] R. Doc. 30.
[4] R. Doc. 33.
[5] This case arises from Fontana's attempt to "vindicate the democracy of the United States" by seeking declaratory relief to halt an alleged global conspiracy known as "The Great Reset." R. Doc. 1 at 2, 4. Dr. Baric argues that Fontana has not demonstrated Article III standing. R. Doc. 25-1 at 2-4. Article III of the Constitution specifies that a federal court's "power extends only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1546 (2016). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy," which developed in the jurisprudence "to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Id.*. The standing "doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.*

A plaintiff must establish standing as to each claim asserted. *Town of Chester v. Laroe Estates, Inc*., __ U.S. __, 137 S. Ct. 1645, 1650 (2017). "[T]he 'irreducible constitutional minimum' of standing consists of three elements."

IT IS ORDERED that the motion of defendant Dr. Ralph Baric to dismiss (R. Doc. 25) is GRANTED, and all claims against him are dismissed.

New Orleans, Louisiana, this 18th day of October, 2021.

                                                  BARRY W. ASHE
                                                  UNITED STATES DISTRICT JUDGE

---

*Spokeo*, 136 S. Ct. at 1547 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The plaintiff must demonstrate that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61; *Friends of the Earth, Inc. v. Laidlaw Env't Servs.*, 528 U.S. 167, 180-81 (2000)).

    "In addition to the limitations on standing imposed by Art. III's case-or-controversy requirement, there are prudential considerations that limit the challenges courts are willing to hear." *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 955 (1984). Generally, the plaintiff "'must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

    Fontana describes himself as "an individual and attorney who has dedicated his life to defending the rights of all citizens, the constitution, and the democracy of this nation that he holds dear to him." R. Doc. 1 at 3. He has not alleged his own particularized concrete injury, so he does not have standing to bring a claim against Dr. Baric. Having concluded that Fontana does not have standing, the Court need not address whether Dr. Baric's additional arguments for dismissal have merit.